UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KINGSLEY AZUBUIKE ONONUJU,          )
          Plaintiff,          )
                       )
   v.          )          Civil Action No. 2:20cv205
                       )
VIRGINIA HOUSING DEVELOPMENT          )
AUTHORITY, *et al.*,          )
          Defendants.          )
_____          )

**MEMORANDUM OPINION**

Plaintiff Kingsley Azubuike Ononuju ("Plaintiff"), appearing *pro se*, filed this action against Defendants Virginia Housing Development Authority ("VHDA") and Todd Oliff ("Oliff") (collectively "Defendants"), in which Plaintiff asserts federal claims pursuant to the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Housing Act ("FHA"). *See generally* Second Am. Compl., ECF No. 32. Plaintiff also asserts a state law trespass claim. *Id.* This matter is before the Court on the following motions:

(i)    Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 33;

(ii)   Plaintiff's Motion to Withdraw Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 58;

(iii)  Plaintiff's Motion for Leave to Amend Complaint ("Motion to File Third Amended Complaint"), ECF No. 34;

(iv)  Plaintiff's Motion for Leave to Amend Complaint ("Motion to File Fourth Amended Complaint"), ECF No. 47;

(v)   Plaintiff's Emergency Motion for Declaratory and Injunctive Relief, ECF No. 48;

(vi)  Defendants' Motion for Clarification of Order, ECF No. 37;

(vii) Plaintiff's Motion to Vacate, ECF No. 54;

(viii) Defendants' Motion to Dismiss, ECF No. 42; and

(ix)   Plaintiff's Motion for Leave of Court to Withdraw and Replace, ECF No. 57.

The Court concludes that oral argument is unnecessary because the facts and legal arguments are adequately presented in the parties' briefs.  For the reasons set forth below, Plaintiff's Motion to Withdraw Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 58, will be GRANTED; Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 33, will be WITHDRAWN; Plaintiff's Motion to File Third Amended Complaint, ECF No. 34, will be DISMISSED as moot; Plaintiff's Motion to File Fourth Amended Complaint, ECF No. 47, will be DISMISSED as moot; Plaintiff's Emergency Motion for Declaratory and Injunctive Relief, ECF No. 48, will be DISMISSED as moot; Defendants' Motion for Clarification of Order, ECF No. 37, will be DENIED as unnecessary; Plaintiff's Motion to Vacate, ECF No. 54, will be DENIED; Defendants' Motion to Dismiss, ECF No. 42, will be GRANTED as to Plaintiff's TILA, RESPA, and FHA claims with prejudice; the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law trespass claim, and such claim will be DISMISSED without prejudice; Plaintiff's Motion for Leave of Court to Withdraw and Replace, ECF No. 57, will be DENIED; and this civil action will be DISMISSED.

## I.   RELEVANT PROCEDURAL BACKGROUND

On April 23, 2020, Plaintiff, appearing *pro se*, paid the requisite fees and filed a Complaint against Defendants.  Compl., ECF No. 1.  Defendants moved to dismiss Plaintiff's Complaint, and twelve days later, Plaintiff moved to file an Amended Complaint.   Mot. Dismiss, ECF No. 3; Mot. Leave Amend Compl., ECF No. 12.  Plaintiff subsequently learned that when he filed his amendment request, he was within his window of time to file an Amended Complaint as a matter

of course pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure.[1]   Notice Withdrawal

Mot. at 1, ECF No. 14.   As such, Plaintiff withdrew his motion and filed an Amended Complaint.

*Id.*; Am. Compl., ECF No. 15.

In his Amended Complaint, Plaintiff alleged that his residential property in Norfolk,

Virginia (the "Property") was sold at a foreclosure sale after Plaintiff defaulted on two mortgage

loans.   Am. Compl. at 3-5, 7, ECF No. 15.   Plaintiff asserted TILA and RESPA claims against

VHDA and a state law trespass claim against Oliff.   *Id.* at 3-9.

On June 23, 2020, Defendants moved to dismiss Plaintiff's Amended Complaint.   Mot.

Dismiss, ECF No. 16.   Upon review of Defendants' dismissal motion, the Court determined that

Plaintiff's Amended Complaint did not clearly identify the specific legal basis for Plaintiff's

RESPA claim against VHDA.   Order at 6-7, ECF No. 31.   In deference to Plaintiff's *pro se* status,

the Court granted Plaintiff leave to file a Second Amended Complaint "to provide the necessary

clarification" regarding Plaintiff's intended RESPA claim.[2]   *Id.*

Plaintiff timely filed a Second Amended Complaint on March 26, 2021.   Second Am.

Compl., ECF No. 32.   Thereafter, Plaintiff filed an Emergency Motion for Injunctive Relief, a

Motion to File Third Amended Complaint, a Motion to File Fourth Amended Complaint, an

Emergency Motion for Declaratory and Injunctive Relief, a Motion to Vacate, a Motion for Leave

of Court to Withdraw and Replace, and a Motion to Withdraw Plaintiff's Emergency Motion for

---

[1] Federal Rule 15(a)(1) provides, in relevant part, that "[a] party may amend its pleading once as a matter of course" within "21 days after service of a responsive pleading" "if the pleading is one to which a responsive pleading is required."   Fed. R. Civ. P. 15(a)(1).

[2] At the time of the Court's March 1, 2021 Order, a motion was pending in which Plaintiff sought leave to file a Second Amended Complaint.   Mot. Amend, ECF No. 28.   In its March 1, 2021 Order, the Court determined that Plaintiff's proposed Second Amended Complaint, which was attached to Plaintiff's Motion to Amend, did not "clarify the RESPA-related issues."   Order at 8, ECF No. 31.   Thus, the Court did not authorize the filing of Plaintiff's proposed Second Amended Complaint and instead ordered Plaintiff "to file a new Second Amended Complaint that address[ed] the issues stated" in the Court's March 1, 2021 Order.   *Id.*

Injunctive Relief.   *See* Emergency Mot. Injunctive Relief, ECF No. 33; Mot. File Third Am. Compl., ECF No. 34; Mot. File Fourth Am. Compl., ECF No. 47; Emergency Mot. Declaratory & Injunctive Relief, ECF No. 48; Mot. Vacate, ECF No. 54; Mot. Withdraw & Replace, ECF No. 57; Mot. Withdraw Pl.'s Emergency Mot. Injunctive Relief, ECF No. 58.   Defendants filed a Motion for Clarification of Order and a Motion to Dismiss.   Mot. Clarification Order, ECF No. 37; Mot. Dismiss, ECF No. 42.   All pending motions are ripe for adjudication.

## II.   PLAINTIFF'S SECOND AMENDED COMPLAINT

In his Second Amended Complaint, Plaintiff continues to assert TILA and RESPA claims against VHDA and a state law trespass claim against Oliff.   Second Am. Compl. at 4-20, 32-37, ECF No. 32.[3]   Additionally, Plaintiff asserts a new FHA claim against VHDA and adds VHDA to Plaintiff's state law trespass claim under a theory of vicarious liability.   *Id.* at 20-38.   The Court summarizes the factual allegations of Plaintiff's Second Amended Complaint, with respect to each asserted claim, below.

### A.   TILA Claim

In February 2014, VHDA became the loan servicer on two of Plaintiff's mortgage loans that were secured by Plaintiff's Property.   *Id.* at 4.   Plaintiff alleges that after VHDA began servicing Plaintiff's loans, VHDA provided Plaintiff with monthly coupon books for a period of time.   *Id.* at 5.   Plaintiff claims that the coupon books did not include certain information required by federal law.   *Id.*   Specifically, Plaintiff claims that the coupon books did not "delineate the outstanding principal loan balance and charged interest rate" on Plaintiff's loans "in [a] noticeable fashion."   *Id.*

---

[3] The Court employs the pagination assigned by the CM/ECF docketing system for citations to Plaintiff's Second Amended Complaint.

Plaintiff further alleges that from September 1, 2014 to June 19, 2018, VHDA stopped sending coupon books to Plaintiff and "never provided a monthly update or payment breakdown of what went to principal, interest and escrow in each billing cycle" for Plaintiff's loans. *Id.* Plaintiff alleges that he contacted VHDA "on at least five different occasions over the phone to get some breakdown of his payments;" however, VHDA failed to provide the information. *Id.* at 6.

Plaintiff alleges that he "irregularly and sporadically" "paid more than his monthly mortgage payment" in order to "reduc[e] the principal balances." *Id.* at 8. Due to these irregular and sporadic additional payments, Plaintiff alleges that "he really needed [a] 'regular' breakdown of his monthly payments" to determine the principal balance on his loans. *Id.* Plaintiff claims that VHDA's failure to send "regular coupon books or periodic statements" resulted in "emotional torture." *Id.*

Plaintiff "defaulted in making his mortgage payment[s]" in November 2017, and his Property was sold at a foreclosure sale on June 19, 2018. *Id.* at 10. However, Plaintiff claims that VHDA's failure to provide a "breakdown of his monthly payments" prevented Plaintiff from "track[ing] and know[ing] what his total debt or principal balance actually was . . . at the period his home was in foreclosure proceeding[s]." *Id.* at 8. Plaintiff claims that VHDA's failure to provide "periodic coupon books or updates" violated VHDA's obligations under TILA. *Id.* at 10.

**B.   RESPA Claim**

On March 8, 2018, Plaintiff began to serve a five-month jail sentence in Virginia Beach. *Id.* On May 3, 2018, Plaintiff mailed a letter to VHDA ("May 3, 2018 Letter"), in which Plaintiff stated:

Dear VHDA,

I got your address from the Library Attendant of the Virginia Beach Jail, and I am writing to let you know that the trial of my misdemeanor battery charge against me had shockingly led to a jail term.   It is the first criminal charge in my entire life, so everything is still unbelievable to me.

I did not at all commit this crime, and I am glad the appellate court is very interested in this conviction.

I was jailed on March 8, 2018 and I will be out on August 4, 2018, so please be patient with me on my mortgage, and I promise to try any of your mitigation program[s] when I am out.

If this letter is not acceptable to you, please kindly reach me at [the] below temporary address.   My family is still in my home address above if you want to stop by to talk to them.   Thanks.

May 3, 2018 Letter at 1, ECF No. 32-6.[4]

Plaintiff alleges that VHDA did not respond to the May 3, 2018 Letter.   Second Am. Compl. at 12.   Plaintiff claims that VHDA's failure to acknowledge receipt of—and respond to—Plaintiff's May 3, 2018 Letter, violated certain RESPA-related regulations, namely 12 C.F.R. §§ 1024.36(c), (d)(2), and (f)(2).   *Id.* at 15-16.

## C.  FHA Claim

Plaintiff and VHDA had been engaged in state court litigation regarding the foreclosure of Plaintiff's Property.   *Id.* at 21.   Following a state court hearing on February 12, 2020, Plaintiff alleges that he met with VHDA's attorney "to briefly talk about the way forward for the upcoming [state court] trial."   *Id.*   Plaintiff alleges that VHDA's attorney asked Plaintiff about his country of origin, and Plaintiff stated that "his father's side" is from Nigeria.   *Id.* at 22.   Plaintiff alleges that he and VHDA's attorney discussed certain stipulations to which the parties could potentially agree for purposes of the state court trial.   *Id.* at 22-25.   Plaintiff believes that VHDA's attorney

---

[4] Plaintiff identified the address of his Property at the top of the May 3, 2018 Letter.   May 3, 2018 Letter at 1, ECF No. 32-6.

considered Plaintiff to be a "substandard person," based on Plaintiff's country of origin, and as a result, VHDA's attorney sought to convince Plaintiff to agree to certain stipulations that would benefit VHDA at trial.   *Id.*   Plaintiff alleges that he "turn[ed] down" the "stipulation offer" and that VHDA's attorney was "angered and disappointed."   *Id.* at 24.   Plaintiff claims that the conduct of VHDA's attorney violated the FHA and that VHDA should be vicariously liable for such conduct.   *Id.* at 31.

### D.   Trespass Claim

Plaintiff alleges that prior to the June 19, 2018 foreclosure sale, Oliff "physically entered Plaintiff's fenced residential property without Plaintiff's invitation or permission."   *Id.* at 32. Plaintiff alleges that Oliff "climb[ed] over Plaintiff's fence" with the intent to "get to the crawl space . . . to check the . . . foundation and condition of Plaintiff's [Property]."   *Id.*   Plaintiff further alleges that when he was released from incarceration, Plaintiff noticed that "his rear padlocked crawl space entrance door was open and damaged with the padlock missing" and that "his rear shed door was damaged with the door left ajar."   *Id.* at 33.   Plaintiff claims that Oliff's visit to the Property constituted an unlawful trespass.   *Id.* at 32.

Plaintiff attached a copy of the governing Deed of Trust to his Second Amended Complaint, which provides that the "Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default."   Deed of Trust at 3, ECF No. 32-11.   However, Plaintiff claims that Oliff "had no tie[s] with VHDA," "did not receive any instruction from VHDA," and could only be considered a "fifth party agent" of VHDA.   Second Am. Compl. at 34 (emphasis omitted).   Plaintiff further claims that the specific language of the Deed of Trust does not authorize such a person to inspect the Property.   *Id.* at 36.   Plaintiff asserts his state law trespass

claim against Oliff individually, and against VHDA under a theory of vicarious liability.  *Id.* at 32-38.

### III.  PLAINTIFF'S EMERGENCY MOTON FOR INJUNCTIVE RELIEF AND SUBSEQUENT REQUEST FOR WITHDRAWAL

On March 29, 2021, Plaintiff filed an Emergency Motion for Injunctive Relief; however, Plaintiff subsequently filed a Motion to Withdraw Plaintiff's Emergency Motion for Injunctive Relief.  Emergency Mot. Injunctive Relief, ECF No. 33; Mot. Withdraw Pl.'s Emergency Mot. Injunctive Relief, ECF No. 58.  Because it is clear that Plaintiff no longer wishes to pursue his Emergency Motion for Injunctive Relief, the Court will GRANT Plaintiff's Motion to Withdraw Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 58, and Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 33, will be WITHDRAWN.

### IV.  PLAINTIFF'S AMENDMENT REQUESTS

On April 9, 2021, Plaintiff filed a Motion to File Third Amended Complaint and attached thereto a proposed Third Amended Complaint.  Mot. File Third Am. Compl., ECF No. 34; Proposed Third Am. Compl., ECF No. 34-1.  On December 13, 2021, Plaintiff filed a Motion to File Fourth Amended Complaint and attached thereto a proposed Fourth Amended Complaint. Mot. File Fourth Am. Compl., ECF No. 47; Proposed Fourth Am. Compl., ECF No. 47-1.  On January 31, 2022, Plaintiff filed a Motion for Leave of Court to Withdraw and Replace.  Mot. Withdraw & Replace, ECF No. 57.  In his Motion for Leave of Court to Withdraw and Replace, Plaintiff asks the Court to "totally withdraw" his proposed Third and Fourth Amended Complaints and to "replace" those proposed amendments with a new proposed Third Amended Complaint ("New Proposed Third Amended Complaint").  *Id.* at 1; *see* New Proposed Third Am. Compl., ECF No. 57-1.

Because it is clear that Plaintiff no longer wishes to proceed on the proposed amended complaints identified in Plaintiff's Motion to File Third Amended Complaint or Plaintiff's Motion to File Fourth Amended Complaint, Plaintiff's Motion to File Third Amended Complaint, ECF No. 34, and Plaintiff's Motion to File Fourth Amended Complaint, ECF No. 47, will be DISMISSED as moot.   The Court will discuss the propriety of Plaintiff's request to file his New Proposed Third Amended Complaint after addressing the merits of Defendants' Motion to Dismiss.   *See infra* Part IX.

## V.   PLAINTIFF'S EMERGENCY MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF

On December 13, 2021, Plaintiff filed an Emergency Motion for Declaratory and Injunctive Relief, in which Plaintiff asks the Court to grant him relief based on a claim that Plaintiff asserted in his proposed Fourth Amended Complaint.   Emergency Mot. Declaratory & Injunctive Relief at 1, ECF No. 48.   However, as explained above, Plaintiff subsequently asked to withdraw his proposed Fourth Amended Complaint.   Mot. Withdraw & Replace at 1, ECF No. 57.   Thus, the relief requested in Plaintiff's Emergency Motion for Declaratory and Injunctive Relief has been rendered moot.   Accordingly, Plaintiff's Emergency Motion for Declaratory and Injunctive Relief, ECF No. 48, will be DISMISSED as moot.

## VI.   DEFENDANTS' MOTION FOR CLARIFCATION OF ORDER

On April 14, 2021, Defendants filed a Motion for Clarification of Order.   Mot. Clarification Order, ECF No. 37.   In their motion, Defendants argue that (i) the Court's March 1, 2021 Order only granted Plaintiff leave to file a Second Amended Complaint to clarify the intended basis for Plaintiff's RESPA claim; and (ii) Plaintiff's Second Amended Complaint includes factual allegations, claims, and requests for relief that exceed the scope of the Court's amendment authorization.   Mem. Supp. Mot. Clarification Order at 1-3, ECF No. 38.   Defendants ask the

Court to clarify the nature of its amendment authorization and to extend the deadline for Defendants to file a responsive pleading to Plaintiff's Second Amended Complaint. *Id.* at 3. Defendants also ask the Court to explain "whether and to what extent Defendants shall be required to file [a] written opposition" to Plaintiff's Motion to File Third Amended Complaint. *Id.*

After Defendants filed their Motion for Clarification of Order, Defendants filed a timely Motion to Dismiss that addresses all of the claims asserted by Plaintiff in his Second Amended Complaint, including the claims that Defendants consider to be beyond the scope of the Court's amendment authorization. *See* Mot. Dismiss, ECF No. 42; Mem. Supp. Mot. Dismiss at 1-34, ECF No. 43. Because Defendants' arguments regarding the scope of the Court's amendment authorization will be addressed in the Court's analysis of Defendants' Motion to Dismiss, the Court need not also address the same arguments raised in Defendants' Motion for Clarification of Order. *See infra* Part VIII.B. Further, because (i) Defendants' Motion to Dismiss was timely filed; and (ii) the Court has indicated that Plaintiff's Motion to File Third Amended Complaint will be dismissed as moot, the other relief requested in Defendants' Motion for Clarification of Order, i.e., an extension of time to respond to Plaintiff's Second Amended Complaint and clarification regarding Defendants' obligation to respond to Plaintiff's Motion to File Third Amended Complaint, is no longer necessary. Accordingly, Defendants' Motion for Clarification of Order, ECF No. 37, will be DENIED as unnecessary.

## VII.   PLAINTIFF'S MOTION TO VACATE

On January 7, 2022, Plaintiff filed a Motion to Vacate in this Court, in which Plaintiff claims that the Norfolk Circuit Court issued a Writ of Eviction on November 19, 2021, that Plaintiff believes must be "vacated as a matter of law." Mot. Vacate at 1-18, ECF No. 54. Plaintiff asks this Court to vacate the Writ of Eviction issued by the Norfolk Circuit Court pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *Id.*

In their Opposition to Plaintiff's Motion to Vacate, Defendants argue, among other things, that Plaintiff "cannot invoke Rule 60 to attack a state court judgment."   Opp'n at 3, ECF No. 55 (citing *Pennsylvania v. Sixty Eight Thousand Nine Hundred Fifty Dollars in United States Currency*, No. 14-622, 2014 U.S. Dist. LEXIS 78955, at *3 (W.D. Pa. May 22, 2014), *adopted by* 2014 U.S. Dist. LEXIS 78404, at *5 (W.D. Pa. June 10, 2014)).

Defendants' argument comports with the law.   *See Burnett v. Amrein*, 243 F. App'x 393, 395 (10th Cir. 2007) (explaining that Federal Rule 60(b) "does not authorize a federal district court to relieve [parties] of a judgment entered in state court"); *Smith v. Hooks,* No. 3:18cv13, 2019 U.S. Dist. LEXIS 9666, at *4 (W.D.N.C. Jan. 21, 2019) (stating that "Federal Rule 60 applies only to *federal* judgments; a state court judgment cannot be vacated under federal Rule 60" (emphasis in original)); *Elie v. Clarke*, No. 2:10cv222, 2011 U.S. Dist. LEXIS 59772, at *2-3 (E.D. Va. May 5, 2011) (explaining that Federal Rule 60(b) "appl[ies] to civil actions filed in federal district courts"), *adopted by* 2011 U.S. Dist. LEXIS 59760 (E.D. Va. June 2, 2011); *Kevilly v. New York*, No. 02cv5796, 2006 U.S. Dist. LEXIS 18849, at *5 (E.D.N.Y. Mar. 2, 2006) (explaining that a Rule 60(b) motion is "an inappropriate procedural mechanism for challenging a state court judgment").   Accordingly, Plaintiff's Motion to Vacate, ECF No. 54, will be DENIED.

## VIII.   DEFENDANTS' MOTION TO DISMISS

### A.   Standard of Review Under Federal Rule 12(b)(6)

Defendants seek dismissal of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   A motion to dismiss under Federal Rule 12(b)(6) should be granted if a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   A Rule 12(b)(6) motion "tests the sufficiency of a complaint and 'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"   *Johnson v. Portfolio Recovery Assocs., LLC*, 682 F. Supp. 2d 560,

567 (E.D. Va. 2009) (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).   "Although the truth of the facts alleged is assumed, courts are not bound by the 'legal conclusions drawn from the facts' and 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'"  *Id.* (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000)).   Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, the Court may rely upon the allegations of the operative complaint, as well as documents attached as exhibits or incorporated into the operative complaint by reference.  *Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).   Additionally, the Court may consider documents that (i) are "integral to and explicitly relied on" in the operative complaint; and (ii) have not been challenged by Plaintiff as inauthentic. *Am. Chiropractic v. Trigon Healthcare*, 367 F.3d 212, 234 (4th Cir. 2004).   The Court may also "take judicial notice of matters of public record." *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

### B.  Discussion

#### 1.  TILA Claim

TILA provides, in relevant part, that a loan servicer is required to provide borrowers periodic statements that contain certain information about the borrowers' loans.  *See* 15 U.S.C. § 1638(f).  Specifically, 15 U.S.C. § 1638(f)(1) provides that a loan servicer of "any residential mortgage loan shall transmit to the obligor, for each billing cycle, a statement setting forth" (i) "[t]he amount of the principal obligation under the mortgage"; (ii) "[t]he current interest rate in effect for the loan"; (iii) "[t]he date on which the interest rate may next reset or adjust"; (iv) "[t]he amount of any prepayment fee to be charged, if any"; (v) "[a] description of any late payment

fees"; (vi) "[a] telephone number and electronic mail address that may be used by the obligor to obtain information regarding the mortgage"; (vii) "[t]he names, addresses, telephone numbers, and Internet addresses of counseling agencies or programs reasonably available to the consumer that have been certified or approved and made publicly available"; and (viii) "[s]uch other information as the Bureau may prescribe in regulations." *Id.*

The provisions of TILA are implemented through Regulation Z, which is codified at 12 C.F.R. Part 1026. *See Gilbert v. Residential Funding LLC*, 678 F.3d 271, 273 (4th Cir. 2012). Section 1638(f), which imposes the periodic statement requirement discussed above, is specifically implemented by 12 C.F.R. § 1026.41. *See Chandler v. Greenlight Fin. Servs.*, No. 2:20cv217, 2021 U.S. Dist. LEXIS 61031, at *44 n.12 (S.D. W. Va. Mar. 30, 2021) (explaining that 12 C.F.R. § 1026.41 "implements a specific provision of TILA, 15 U.S.C. § 1638(f)").

Pursuant to 12 C.F.R. § 1026.41(e)(4), a loan servicer may be exempt from the periodic statement requirement if the servicer meets the definition of a "small servicer." 12 C.F.R. § 1026.41(e)(4). A "small servicer" is defined under the regulations as a servicer that:

> (A) Services, together with any affiliates, 5,000 or fewer mortgage loans, for all of which the servicer (or an affiliate) is the creditor or assignee;
>
> (B) Is a Housing Finance Agency, as defined in 24 CFR 266.5; or
>
> (C) Is a nonprofit entity that services 5,000 or fewer mortgage loans, including any mortgage loans serviced on behalf of associated nonprofit entities, for all of which the servicer or an associated nonprofit entity is the creditor.

*Id.* For purposes of the subsection B exemption, a Housing Finance Agency is defined under 24 C.F.R. § 266.5 as "any public body, agency, or instrumentality created by a specific act of a State legislature or local municipality empowered to finance activities designed to provide housing and related facilities, through land acquisition, construction or rehabilitation." 24 C.F.R. § 266.5.

13

In his Second Amended Complaint, Plaintiff claims that VHDA violated 15 U.S.C. § 1638(f) by failing to provide Plaintiff with adequate "coupon books" or monthly "payment breakdown[s]" of Plaintiff's mortgage payments.  Am. Compl. at 4-10, ECF No. 32.  In their Motion to Dismiss, Defendants argue that Plaintiff's TILA claim necessarily fails because VHDA is exempt from the disclosure requirements upon which Plaintiff's TILA claim is based.  Mem. Supp. Mot. Dismiss at 21-22, ECF No. 43.  Specifically, Defendants argue that "VHDA falls squarely within the ambit of the foregoing definition of a 'Housing Finance Agency,' as it is a public instrumentality created by the Virginia General Assembly for the purpose of advancing the initiatives outlined in the Virginia Housing Development Authority Act."  *Id.* at 21; *see* Va. Code Ann. § 36-55.27 (explaining that VHDA is a "political subdivision of the Commonwealth of Virginia with all of the politic and corporate powers as set forth in [the Virginia Housing Development Authority Act]"); Va. Code Ann. § 36-55.30 (identifying VHDA's general powers).

In his Opposition to Defendants' Motion to Dismiss, Plaintiff states that he brought his TILA claim pursuant to "15 U.S.C. § 1638(f), not 12 C.F.R. § 1026.41."  Opp'n at 7, ECF No. 44 (questioning why Defendants mentioned 12 C.F.R. § 1026.41(e) in their dismissal motion).  Plaintiff appears to argue that the "small servicer" exemption set forth under 12 C.F.R. § 1026.41(e) does not apply to his TILA claim under 15 U.S.C. § 1638(f).  *Id.* at 6-9.

As courts have explained, the exemptions set forth in 12 C.F.R. § 1026.41(e) apply to the periodic statement requirement set forth in 15 U.S.C. § 1638(f)(1).[5]  *See Richards v. NewRez LLC*, No. ELH-20-1282, 2021 U.S. Dist. LEXIS 51233, at *64-65 (D. Md. Mar. 18, 2021) (applying the exemptions from 12 C.F.R. § 1026.41(e) to an alleged violation of 15 U.S.C. § 1638(f)); *St. Amour v. Fed. Home Loan Mortg. Corp.*, No. 18-254, 2019 U.S. Dist. LEXIS 56273, at * 5 (D.R.I. Mar.

---

[5] As explained above, 12 C.F.R. Part 1026 is the implementing regulation for TILA.  *See Gilbert v. Residential Funding LLC*, 678 F.3d 271, 273 (4th Cir. 2012).

29, 2019) (noting that an exemption set forth in 12 C.F.R. § 1026.41 applies to the periodic statement requirement of 15 U.S.C. § 1638(f)(1)).   Here, the Court finds that Defendants have adequately established that VHDA constitutes a Housing Finance Agency under 12 C.F.R. § 1026.41(e)(4)(ii) and is therefore exempt from the periodic statement obligations upon which Plaintiff's TILA claim is based. [6]   Accordingly, Defendants' Motion to Dismiss will be GRANTED as to Plaintiff's TILA claim.

### 2.   RESPA Claim

In his Second Amended Complaint, Plaintiff acknowledges that he "defaulted in making his mortgage payment[s]" in November 2017.   Second Am. Compl. at 10.   On March 8, 2018, Plaintiff began to serve a five-month jail sentence in Virginia Beach.   *Id.*   During his incarceration, Plaintiff sent VHDA the May 3, 2018 Letter, in which Plaintiff (i) explained that he would be in jail until August 4, 2018; (ii) asked VHDA to be "patient with [Plaintiff] on [his] mortgage"; and (iii) indicated that he would "try any of [VHDA's] mitigation program[s]" when Plaintiff was released from jail.   May 3, 2018 Letter at 1, ECF No. 32-6.   The May 3, 2018 Letter also stated: "If this letter is not acceptable to you, please kindly reach me at [the] below temporary address."   *Id.*   Plaintiff alleges that VHDA did not respond to the May 3, 2018 Letter.   Second Am. Compl. at 15-16.   Plaintiff appears to allege that the May 3, 2018 Letter constituted a request for information under 12 C.F.R. § 1024.36(a) and that VHDA's failure to respond violated VHDA's RESPA-related obligations set forth in 12 C.F.R. §§ 1024.36(c), (d)(2), and (f)(2).   *Id.*

Pursuant to 12 C.F.R. § 1024.36, a loan servicer is required to provide responses to certain requests for information.   *See* 12 C.F.R. § 1024.36; *see also Garey v. BWW Law Grp., LLC,*

---

[6] The Court notes that Plaintiff also appears to argue that the Housing Finance Agency exemption set forth in 12 C.F.R. § 1026.41(e)(4)(ii) does not apply to servicers of "fixed rate loans."   Opp'n at 7, ECF No. 44.   However, the Court finds that Plaintiff has not provided adequate legal support for this argument.

No. 8:19cv3112, 2021 U.S. Dist. LEXIS 190885, at *30 (D. Md. Sept. 30, 2021).   The regulation

provides:

> A servicer shall comply with the requirements of this section for any written request for information from a borrower that includes the name of the borrower, information that enables the servicer to identify the borrower's mortgage loan account, and states the information the borrower is requesting with respect to the borrower's mortgage loan.   A request on a payment coupon or other payment form supplied by the servicer need not be treated by the servicer as a request for information.   A request for a payoff balance need not be treated by the servicer as a request for information.   A qualified written request that requests information relating to the servicing of the mortgage loan is a request for information for purposes of this section, and a servicer must comply with all requirements applicable to a request for information with respect to such qualified written request.

12 C.F.R. § 1024.36(a); *see Garey*, 2021 U.S. Dist. LEXIS 190885, at *33 (stating that a request

for information "is broadly defined to include 'any written request for information from a borrower

that . . . states the information the borrower is requesting with respect to the borrower's mortgage

loan'").   If a borrower submits a proper request for information, the regulation provides certain

deadlines within which the servicer must acknowledge and respond to the request.   *See* 12 C.F.R.

§§ 1024.36(c), (d)(2), and (f)(2).

In their Motion to Dismiss, Defendants argue that "Plaintiff's allegations are wholly devoid

of merit as the May 3[, 2018] Letter does not contain any request for information that would have

triggered VHDA's duty to respond even under the most expansive interpretation of VHDA's

response obligations under 12 C.F.R. § 1024.36."   Mem. Supp. Mot. Dismiss at 23.   Specifically,

Defendants argue that the May 3, 2018 Letter "does not provide VHDA with any details as to any

particular information Plaintiff is seeking with respect to his mortgage loan account."   *Id.* at 24.

Defendants further argue: "Plainly put, despite Plaintiff's best efforts to reframe the narrative, the

May 3[, 2018] Letter is nothing more than a 'request for <u>leniency</u>,' not a 'request for <u>information</u>'

triggering VHDA's compliance with RESPA's response requirements." *Id.* (emphasis in original).

In his Opposition, Plaintiff argues that the May 3, 2018 Letter qualifies as a request for information under 12 C.F.R. § 1024.36(a).   Opp'n at 14-16.   Plaintiff acknowledges that VDHA was not required to "wait for five months" until Plaintiff was released from jail to address Plaintiff's loan default, and Plaintiff admits that the May 3, 2018 Letter "asked for leniency."   *Id.* at 15.   However, Plaintiff states that if "VHDA [did] not want to be 'lenient' [and] wait for the five months, . . . then the letter *requested* that VHDA convey such information to Plaintiff."   *Id.* (emphasis in original).

Upon review, the Court finds that Plaintiff's May 3, 2018 Letter does not adequately identify any particular information sought from VHDA with respect to Plaintiff's mortgage loan. *See* May 3, 2018 Letter at 1; *see also* 12 C.F.R. § 1024.36(a) (summarizing the requirements of a request for information); *Garey*, 2021 U.S. Dist. LEXIS 190885, at *33 (explaining that a request for information must "state[] the information the borrower is requesting with respect to the borrower's mortgage loan").   Based on a plain reading of the May 3, 2018 Letter, it is clear that the intent of the letter was to notify VHDA of Plaintiff's incarceration and to persuade VHDA to "be patient with [Plaintiff]" during his period of incarceration.   May 3, 2018 Letter at 1. Although the letter asks VHRA to "kindly reach [Plaintiff]" at the address provided if the letter "is not acceptable to [VHDA]," the Court finds that this language does not constitute a valid request for information, as contemplated by 12 C.F.R. § 1024.36(a).   Because the Court finds that the May 3, 2018 Letter does not constitute a valid request for information under 12 C.F.R. § 1024.36(a), the Court further finds that the May 3, 2018 Letter did not trigger the

acknowledgment and response obligations of 12 C.F.R. §§ 1024.36(c), (d)(2), and (f)(2). Accordingly, Defendants' Motion to Dismiss will be GRANTED as to Plaintiff's RESPA claim.

### 3.  FHA Claim

Plaintiff asserts an FHA claim against VHDA based on the alleged actions of VHDA's attorney during the course of certain state court proceedings.   Second Am. Compl. at 20-31.   As an initial matter, Defendants argue that Plaintiff's FHA claim is not "properly before the Court" because Plaintiff did not seek leave of Court to add his FHA claim to this action.   Mem. Supp. Mot. Dismiss at 27.   Plaintiff claims that the addition of his FHA claim was authorized by the Court in its March 1, 2021 Order.   Opp'n at 17-18.

As summarized above, Plaintiff previously filed an Amended Complaint in this action that only asserted a TILA claim, a RESPA claim and a state law trespass claim.   *See* Am. Compl., ECF No. 15.   In an Order dated March 1, 2021, the Court determined that Plaintiff's Amended Complaint did not clearly identify the specific legal basis for Plaintiff's RESPA claim against VHDA.   Order at 6-7, ECF No. 31.   In deference to Plaintiff's *pro se* status, the Court granted Plaintiff leave to file a Second Amended Complaint "to provide the necessary clarification" regarding Plaintiff's intended RESPA claim.   *Id.* at 7.

Although the Court clearly explained in its March 1, 2021 Order that it was granting Plaintiff leave to file a Second Amended Complaint to clarify the legal basis for Plaintiff's RESPA claim, Plaintiff added an FHA claim to his Second Amended Complaint without prior notice or authorization of the Court.   For this reason alone, the Court finds that the dismissal of Plaintiff's FHA claim is warranted.   However, even if Plaintiff's FHA claim was properly before the Court, the Court finds that such claim cannot withstand Defendants' challenge under Federal Rule 12(b)(6).

In his Second Amended Complaint, Plaintiff alleges that following a state court hearing on February 12, 2020, VHDA's attorney asked Plaintiff about his country of origin, and Plaintiff stated that his "father's side" was from Nigeria.   Second Am. Compl. at 22.   Plaintiff alleges that VHDA's attorney considered Plaintiff to be a "substandard person," based on his country of origin, and as a result, the attorney sought to convince Plaintiff to agree to certain pre-trial stipulations that would benefit VHDA.  *Id.* at 22-25.   Plaintiff claims that the conduct of VHDA's attorney violated the FHA and that VHDA should be vicariously liable for the actions of its attorney.  *Id.* at 20-31.

The FHA prohibits discrimination in "residential real estate-related transactions" on the basis of several enumerated categories, including "race, color, religion, sex, handicap, familial status, and national origin."   42 U.S.C. § 3605(a).   In their Motion to Dismiss, Defendants argue that Plaintiff has not stated a plausible claim for relief under the FHA.   Mem. Supp. Mot. Dismiss at 27.   Specifically, Defendants argue:

> [T]here is no viable basis to impute VHDA with liability under the FHA as VHDA's purported violation is wholly predicated upon its attorney's efforts to secure a pre-trial stipulation.   The pursuit of this stipulation in no way implicated the terms of Plaintiff's residential mortgage loan and therefore did not fall within [the] scope of conduct prohibited by 42 U.S.C. § 3605(a) or any other federal fair housing mandate.

*Id.*

Upon review, the Court finds that the alleged conduct of VHDA's attorney, as summarized above, does not constitute discrimination in "residential real estate-related transactions" and therefore does not implicate the FHA.   *See* 42 U.S.C. § 3605(a).   Accordingly, Defendants' Motion to Dismiss will be GRANTED as to Plaintiff's FHA claim.

### 4. Trespass Claim

In his Second Amended Complaint, Plaintiff alleges that Oliff unlawfully trespassed on Plaintiff's Property prior to the June 19, 2018 foreclosure sale.   Second Am. Compl. at 32-38. Plaintiff asserts his state law trespass claim against Oliff individually, and against VHDA under a theory of vicarious liability.   *Id.*

This action was brought before the Court based on federal question jurisdiction.[7]   *Id.* at 3. As set forth above, all of the federal claims asserted by Plaintiff in this action will be dismissed, leaving only Plaintiff's state law trespass claim.   Although the Court may exercise supplemental jurisdiction over any remaining state law claims after the federal claims have been dismissed, the decision to do so "rests within the sole discretion of the Court."   *Jones v. Tyson Foods*, 378 F. Supp. 2d 705, 710 (E.D. Va. 2004) (citing 28 U.S.C. § 1367(c)(3)); *see also Jordahl v. Democratic Party*, 122 F.3d 192, 203 (4th Cir. 1997).   "[T]he doctrine of supplemental jurisdiction is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."   *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).   In determining whether to exercise supplemental jurisdiction, the Court analyzes "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy."   *Id.*   Based on an analysis of these factors, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law trespass claim.   Accordingly, the Court will DISMISS Plaintiff's state law trespass claim without prejudice.

---

[7] Diversity jurisdiction does not apply to this action because there is not complete diversity between the parties. Second Am. Compl. 3-4, ECF No. 32; *see* 28 U.S.C. § 1332.

## IX.   PLAINTIFF'S MOTION FOR LEAVE OF COURT
## TO WITHDRAW AND REPLACE

In his Motion for Leave of Court to Withdraw and Replace, Plaintiff indicates that he no longer wishes to proceed on the proposed amended complaints that were previously filed with the Court.[8]  Mot. Withdraw & Replace at 1-2, ECF No. 57.  Instead, Plaintiff asks the Court for permission to file a New Proposed Third Amended Complaint, which Plaintiff attached to his Motion for Leave of Court to Withdraw and Replace.  *Id.*; *see* New Proposed Third Am. Compl., ECF No. 57-1.

Plaintiff's New Proposed Third Amended Complaint continues to assert a TILA, RESPA, FHA, and trespass claim against Defendants.  New Proposed Third Am. Compl. at 1-52. Additionally, the New Proposed Third Amended Complaint seeks to assert a new claim against VHDA pursuant to 42 U.S.C. § 1983, in which Plaintiff alleges that VHDA violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.  *Id.* at 1-2, 32-36. Specifically, Plaintiff alleges that VHDA colluded with a state court judge to have a Writ of Eviction wrongfully issued.  *Id.* at 32-36.

Federal Rule 15(a) governs amendments to pleadings prior to trial.  Fed. R. Civ. P. 15(a). The rule states:

> (1)  ***Amending as a Matter of Course***.   A party may amend its pleading once as a matter of course within:
>
>    (A)  21 days after serving it, or
>
>    (B)  if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[8] As explained above, because Plaintiff has indicated that he no longer wishes to proceed on the proposed amended complaints that were previously filed with the Court, the Court will dismiss Plaintiff's Motion to File Third Amended Complaint and Plaintiff's Motion to File Fourth Amended Complaint as moot.  *See supra* Part IV.

(2)    ***Other Amendments***.   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

*Id.*

Courts have explained that (i) the disposition of a motion to amend is committed to the sound discretion of the Court; and (ii) leave to amend may be denied for undue delay, dilatory motive on the part of the moving party, futility of amendment, and undue prejudice to the nonmoving party.   *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Smith v. Angelone*, 111 F.3d 1126, 1133-34 (4th Cir. 1997); *Murray v. State Farm Fire & Cas. Co.*, 870 F. Supp. 123, 125-26 (S.D. W. Va. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff has already amended the operative complaint in this action several times. *See* Compl., ECF No. 1; Am. Compl., ECF No. 15; Second Am. Compl., ECF No. 32.   Thus, the amendment request set forth in Plaintiff's Motion for Leave of Court to Withdraw and Replace must be considered in the context of Federal Rule 15(a)(2).   Upon review, the Court finds that Plaintiff's New Proposed Third Amended Complaint, if authorized, would not alter the Court's decision to (i) dismiss Plaintiff's TILA, RESPA, and FHA claims; and (ii) decline to exercise supplemental jurisdiction over Plaintiff's state law trespass claim.   The Court further finds that Plaintiff's proposed § 1983 claim does not allege sufficient facts to state a plausible claim for relief against VHDA.   As a result, the Court finds that the filing of Plaintiff's New Proposed Third Amended Complaint would be futile and would unduly prejudice Defendants.   Accordingly, Plaintiff's Motion for Leave of Court to Withdraw and Replace, ECF No. 54, will be DENIED.

## X.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Withdraw Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 58, will be GRANTED; Plaintiff's Emergency Motion for Injunctive Relief, ECF No. 33, will be WITHDRAWN; Plaintiff's Motion to File Third Amended

Complaint, ECF No. 34, will be DISMISSED as moot; Plaintiff's Motion to File Fourth Amended Complaint, ECF No. 47, will be DISMISSED as moot; Plaintiff's Emergency Motion for Declaratory and Injunctive Relief, ECF No. 48, will be DISMISSED as moot; Defendants' Motion for Clarification of Order, ECF No. 37, will be DENIED as unnecessary; Plaintiff's Motion to Vacate, ECF No. 54, will be DENIED; Defendants' Motion to Dismiss, ECF No. 42, will be GRANTED as to Plaintiff's TILA, RESPA, and FHA claims with prejudice; the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law trespass claim, and such claim will be DISMISSED without prejudice; Plaintiff's Motion for Leave of Court to Withdraw and Replace, ECF No. 57, will be DENIED; and this civil action will be DISMISSED.

An appropriate Order shall issue.

_____ /s/
Roderick C. Young
United States District Judge

Richmond, Virginia
March 15, 2022

23