UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KINGSLEY AZUBUIKE ONONUJU,       )
        Plaintiff,              )
                               )
      v.                       )         Civil Action No. 2:20cv205 (RCY)
                               )
VIRGINIA HOUSING             )
DEVELOPMENT AUTHORITY, *et al.*,   )
        Defendants.       )
_____)

**MEMORANDUM OPINION**

This matter is before the Court in this closed case on a "Motion to Reconsider and Vacate" ("Motion for Reconsideration"), ECF No. 67, filed by *pro se* Plaintiff Kingsley Azubuike Ononuju ("Plaintiff").   The Court concludes that oral argument is unnecessary because the facts and legal arguments have been adequately presented in the parties' briefs.   For the reasons set forth below, Plaintiff's Motion for Reconsideration, ECF No. 67, will be DENIED.

**I.     PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff filed this action against Defendants Virginia Housing Development Authority ("VHDA") and Todd Oliff ("Mr. Oliff") (collectively, "Defendants").   *See generally* Second Am. Compl., ECF No. 32.   Plaintiff asserted federal claims pursuant to the Truth in Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), and the Fair Housing Act ("FHA"), and a state law claim for trespass.   *Id.*

To support his TILA claim, Plaintiff alleged that VHDA, who became the loan servicer on two of Plaintiff's mortgage loans in February of 2014, failed to provide Plaintiff with adequate "coupon books" or monthly "payment breakdown[s]" of Plaintiff's mortgage payments.   *Id.*

at 4-10.   Plaintiff further alleged that he "irregularly and sporadically" "paid more than his mortgage payment" in order to "reduc[e] the principal balances," and that due to these irregular and sporadic payments, "he really needed [a] 'regular' breakdown of his monthly payments" to determine the principal balance on his loans.   *Id.* at 8.   Plaintiff alleged that VHDA's failure to send "regular coupon books or periodic statements" resulted in "emotional torture."   *Id.*

Plaintiff "defaulted in making his mortgage payment[s]" in November 2017, and his property was sold at a foreclosure sale on June 19, 2018.   *Id.* at 10.   Plaintiff claimed that VHDA's failure to provide a "breakdown of his monthly payments" prevented Plaintiff from "track[ing] and know[ing] what his total debt or principal balance actually was . . . at the period his home was in foreclosure proceeding[s]."   *Id.* at 8.   Plaintiff claimed that VHDA's failure to provide "periodic coupon books or updates" violated VHDA's obligations under TILA.   *Id.* at 10.

To support his RESPA claim, Plaintiff alleged that after he received a five-month jail sentence for misdemeanor battery, Plaintiff mailed a letter to VHDA on May 3, 2018 ("May 3, 2018 Letter"), in which he stated:

> Dear VHDA,
>
> I got your address from the Library Attendant of the Virginia Beach Jail, and I am writing to let you know that the trial of my misdemeanor battery charge against me had shockingly led to a jail term.   It is the first criminal charge in my entire life, so everything is still unbelievable to me.
>
> I did not at all commit this crime, and I am glad the appellate court is very interested in this conviction.
>
> I was jailed on March 8, 2018 and I will be out on August 4, 2018, so please be patient with me on my mortgage, and I promise to try any of your mitigation program[s] when I am out.
>
> If this letter is not acceptable to you, please kindly reach me at [the] below temporary address.   My family is still in my home address above if you want to stop by to talk to them.   Thanks.

May 3, 2018 Letter at 1, ECF No. 32-6.

Plaintiff alleged that VHDA did not respond to the May 3, 2018 Letter.  Second Am. Compl. at 12.   Plaintiff claimed that VHDA's failure to acknowledge receipt of—and respond to—Plaintiff's May 3, 2018 Letter, violated certain RESPA-related regulations, namely 12 C.F.R. §§ 1024.36(c), (d)(2), and (f)(2).   *Id.* at 15-16.

To support his FHA claim, Plaintiff alleged that he and VHDA had been engaged in state court litigation regarding the foreclosure of Plaintiff's property.   *Id.* at 21.   Plaintiff alleged that following a state court hearing on February 12, 2020, Plaintiff met with VHDA's attorney "to briefly talk about the way forward for the upcoming [state court] trial."   *Id.*   Plaintiff alleged that VHDA's attorney asked Plaintiff about his country of origin, and Plaintiff stated that "his father's side" is from Nigeria.   *Id.* at 22.   Plaintiff alleged that he and VHDA's attorney discussed certain stipulations to which the parties could potentially agree for purposes of the state court trial.   *Id.* at 22-25.   Plaintiff believed that VHDA's attorney considered Plaintiff to be a "substandard person," based on Plaintiff's country of origin, and as a result, VHDA's attorney sought to convince Plaintiff to agree to certain stipulations that would benefit VHDA at trial.   *Id.*   Plaintiff alleged that he "turn[ed] down" the "stipulation offer" and that VHDA's attorney was "angered and disappointed."   *Id.* at 24.   Plaintiff claimed that the conduct of VHDA's attorney violated the FHA and that VHDA should be vicariously liable for such conduct.   *Id.* at 31.

To support his state law trespass claim, Plaintiff alleged that prior to the foreclosure sale of Plaintiff's property, Mr. Oliff "physically entered Plaintiff's fenced residential property without Plaintiff's invitation or permission."   *Id.* at 32.   Plaintiff further alleged that Mr. Oliff "climb[ed] over Plaintiff's fence" with the intent to "get to the crawl space . . . to check the . . . foundation and condition of Plaintiff's [property]."   *Id.*   Plaintiff claimed that Mr. Oliff's visit to his property constituted an unlawful trespass.   *Id.*

## II.      THE COURT'S MARCH 15, 2022 MEMORANDUM OPINION AND ORDER

On March 15, 2022, the Court entered a Memorandum Opinion and Order that resolved a host of motions filed by the parties.    Mem. Op. at 1–23, ECF No. 61; Order at 1–2, ECF No. 62. In Plaintiff's Motion for Reconsideration, Plaintiff challenges the Court's decision as to three of the parties' motions, namely (i) Plaintiff's Motion to Vacate; (ii) Defendants' Motion to Dismiss; and (iii) Plaintiff's Motion for Leave of Court to Withdraw and Replace.    Mot. Recons. at 1–11, ECF No. 67.    Before addressing the specifics of Plaintiff's Motion for Reconsideration, the Court summarizes the three challenged motions and the Court's resolution of each motion.

### A.      Plaintiff's Motion to Vacate

Plaintiff filed a Motion to Vacate, in which Plaintiff asked this Court to vacate a Writ of Eviction issued by the Norfolk Circuit Court on November 19, 2021.   Mot. Vacate at 1–18, ECF No. 54.   Plaintiff brought his Motion to Vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.   *Id.*

In its March 15, 2022 Memorandum Opinion, the Court explained that Federal Rule 60(b) does not authorize a federal district court to relieve a party from a state court judgment.   Mem. Op. at 11 (citing *Burnett v. Amrein*, 243 F. App'x 393, 395 (10th Cir. 2007); *Smith v. Hooks,* No. 3:18cv13, 2019 U.S. Dist. LEXIS 9666, at *4 (W.D.N.C. Jan. 21, 2019); *Elie v. Clarke*, No. 2:10cv222, 2011 U.S. Dist. LEXIS 59772, at *2-3 (E.D. Va. May 5, 2011); *Kevilly v. New York*, No. 02cv5796, 2006 U.S. Dist. LEXIS 18849, at *5 (E.D.N.Y. Mar. 2, 2006)).   As a result, the Court denied Plaintiff's Motion to Vacate.   *Id.*

### B.      Defendants' Motion to Dismiss

Defendants moved to dismiss all of Plaintiff's asserted claims pursuant to Federal Rule 12(b)(6).    Mot. Dismiss, ECF No. 42.    With respect to Plaintiff's TILA claim, the Court

determined that "VHDA constitute[d] a Housing Finance Agency under 12 C.F.R. § 1026.41(e)(4)(ii)" that was "exempt from the periodic statement obligations upon which Plaintiff's TILA claim [was] based." Mem. Op. at 15.

With respect to Plaintiff's RESPA claim, the Court determined that Plaintiff's May 3, 2018 Letter (i) did not adequately identify any particular information sought from VHDA with respect to Plaintiff's mortgage loan; (ii) was only intended to notify VHDA of Plaintiff's incarceration and to persuade VHDA to be patient with Plaintiff during his period of incarceration; and (iii) did not trigger acknowledgment and response obligations from VHDA. *Id.* at 17–18.

With respect to Plaintiff's FHA claim, the Court first determined that such claim was not properly before the Court because Plaintiff added the claim to his Second Amended Complaint without authorization. *Id.* at 18 (explaining that the Court granted Plaintiff leave to file a Second Amended Complaint to provide clarification as to his RESPA claim, but that Plaintiff added a new FHA claim to his Second Amended Complaint "without prior notice or authorization of the Court"). Next, the Court determined that even if Plaintiff's FHA claim was properly before the Court, the claim would nevertheless fail. *Id.* Specifically, the Court found that although the FHA prohibits discrimination in "residential real estate-related transactions" on the basis of several enumerated categories, including race and national origin, the alleged conduct of VHDA's attorney, which served as the basis for Plaintiff's FHA claim, did not constitute discrimination in "residential real estate-related transactions" and therefore did not implicate the FHA. *Id.* at 19 (citing 42 U.S.C. § 3605(a)).

Based on these findings, the Court granted Defendants' Motion to Dismiss as to Plaintiff's TILA claim, RESPA claim, and FHA claim. *Id.* at 12–19. After dismissing all of Plaintiff's

federal claims, the Court declined to exercise supplemental jurisdiction over Plaintiff's state law trespass claim and dismissed that claim without prejudice.   *Id.* at 20.

### C.      Plaintiff's Motion for Leave of Court to Withdraw and Replace

Plaintiff filed a Motion for Leave of Court to Withdraw and Replace, in which Plaintiff asked the Court for permission to file a proposed Third Amended Complaint.   Mot. Withdraw & Replace at 1–2, ECF No. 57.   Plaintiff's proposed Third Amended Complaint continued to assert a TILA, RESPA, FHA, and trespass claim against Defendants, and also sought to assert a new claim against VHDA pursuant to 42 U.S.C. § 1983.   Proposed Third Am. Compl. at 1–52, ECF No. 57-1.   In his newly proposed § 1983 claim, Plaintiff alleged that VHDA violated Plaintiff's Fourteenth Amendment rights by colluding with a state court judge to have a Writ of Eviction wrongfully issued.   *Id.*

In its March 15, 2022 Memorandum Opinion, the Court denied Plaintiff's Motion for Leave of Court to Withdraw and Replace after finding that (i) Plaintiff already amended the operative complaint in this action several times; (ii) the proposed Third Amended Complaint could not salvage Plaintiff's TILA, RESPA, FHA, and trespass claims; (iii) Plaintiff's proposed § 1983 claim did not allege sufficient facts to state a plausible claim for relief against VHDA; and (iv) the filing of Plaintiff's proposed Third Amended Complaint would be futile and unduly prejudicial to Defendants.   Mem. Op. at 21–22 (citing Fed. R. Civ. P. 15(a); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Smith v. Angelone*, 111 F.3d 1126, 1133–34 (4th Cir. 1997); *Murray v. State Farm Fire & Cas. Co.*, 870 F. Supp. 123, 125–26 (S.D. W. Va. 1994)).

### III.     PLAINTIFF'S APPEAL

On April 8, 2022, Plaintiff appealed the dismissal of this action to the United States Court of Appeals for the Fourth Circuit.   Notice Appeal, ECF No. 63.   Shortly thereafter, Plaintiff filed

a Motion for Reconsideration in this Court pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure.   Mot. Recons., ECF No. 67.   After the briefing closed on Plaintiff's Motion for

Reconsideration, the Court entered an Order in which it explained that it would defer ruling on

Plaintiff's motion pending the resolution of Plaintiff's appeal.   *See* Opp'n, ECF No. 68; Reply,

ECF No. 69; *see also* Order at 1–3, ECF No. 71.

On April 24, 2023, the Fourth Circuit affirmed this Court's dismissal of Plaintiff's action,

stating: "We have reviewed the record and find no reversible error."   *Ononuju v. Va. Hous. Dev.*

*Auth.*, No. 22-1388, 2023 U.S. App. LEXIS 9804, at *1 (4th Cir. Apr. 24, 2023).   Plaintiff

petitioned the Fourth Circuit for rehearing and rehearing *en banc*; however, the Fourth Circuit

denied Plaintiff's petition on May 30, 2023, and issued its mandate on June 7, 2023.   *Ononuju v.*

*Va. Hous. Dev. Auth.*, No. 22-1388, 2023 U.S. App. LEXIS 13340, at *1 (4th Cir. May 30, 2023);

Mandate at 1, ECF No. 76.   With Plaintiff's appeal fully resolved, the Court now proceeds with

Plaintiff's Motion for Reconsideration.[1]

### IV.   PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff asks the Court to reconsider certain aspects of its March 15, 2022 Memorandum

Opinion and Order.   Mot. Recons. at 1–11, ECF No. 67.   Specifically, Plaintiff asks the Court to

reconsider its decision to (i) deny Plaintiff's Motion to Vacate; (ii) grant Defendants' Motion to

Dismiss as to Plaintiff's TILA, RESPA, and FHA claims;[2] and (iii) deny Plaintiff's Motion for

Leave of Court to Withdraw and Replace.   *Id.*

---

[1] On June 7, 2023, Plaintiff filed a document titled, "Additional Memorandum in Support of 'Motion to Reconsider and Vacate'" ("Supplemental Memorandum"), ECF No. 77.   Plaintiff did not seek leave of Court to file his Supplemental Memorandum; however, in deference to Plaintiff's *pro se* status, the Court has considered Plaintiff's filing in its analysis of Plaintiff's Motion for Reconsideration.

[2] Plaintiff does not challenge the Court's decision to decline to exercise supplemental jurisdiction over Plaintiff's state law trespass claim and to dismiss that claim without prejudice.   Mot. Recons. at 1–11, ECF No. 67; *see* Reply at 3 n.1, ECF No. 69 (stating that "Plaintiff has elected not to appeal this Court's decision on [Plaintiff's] trespass claim").

With respect to Plaintiff's Motion to Vacate, Plaintiff argues that this Court could have vacated the Writ of Eviction issued by the Norfolk Circuit Court pursuant to Federal Rule 60(b) because the state court order was "void" and "subject to collateral attack through any means, including through Rule 60(b)."   *Id.* at 8–9.

With respect to Defendants' Motion to Dismiss, Plaintiff generally argues that the Court failed to "liberally construe" Plaintiff's federal claims.   *Id.* at 1–2.   Additionally, Plaintiff specifically argues that (i) Plaintiff's TILA claim should have survived because VHDA was not exempt from the requirement of sending Plaintiff coupon books regarding his mortgage loans;[3] (ii) Plaintiff's RESPA claim should have survived because Plaintiff's May 3, 2018 Letter requested information from VHDA, and even if VHDA determined that it was not obligated to respond, VHDA was required to notify Plaintiff of its determination;[4] and (iii) Plaintiff's FHA claim should have survived because the VHDA's attorney's inquiry regarding Plaintiff's country

---

[3] As summarized above, Plaintiff alleged in his Second Amended Complaint that VHDA violated TILA by failing to provide Plaintiff with adequate "coupon books" or monthly "payment breakdown[s]" of Plaintiff's mortgage payments.   Second Am. Compl. at 4-10, ECF No. 32.   The Court dismissed Plaintiff's TILA claim, finding that VHDA, as a Housing Finance Agency, was "exempt from the periodic statement obligations upon which Plaintiff's TILA claim [was] based."   Mem. Op. at 15, ECF No. 61 (citing 12 C.F.R. § 1026.41(e)(4)(ii)).   Plaintiff now argues that even if VHDA was exempt from the periodic statement obligations, VHDA had a separate obligation to provide Plaintiff with coupon books.   Mot. Recons. at 2-3, ECF No. 67.   Plaintiff's argument misses the mark.   The governing statute and regulation explain that *if* a servicer who is required to provide a periodic statement to an obligor chooses to give the obligor "a coupon book that provides the obligor with substantially the same information" set forth in a periodic statement, the servicer need not provide the obligor with a periodic statement.   15 U.S.C. § 1638(f)(3); *see* 12 C.F.R. § 1026.41(e)(3).   The statute and regulation do not, as Plaintiff suggests, impose a separate obligation on servicers to provide coupon books to obligors.

[4] Plaintiff relies on 12 C.F.R. § 1024.36(f)(2) to support his argument regarding his RESPA claim.   Mot. Recons. at 4, ECF No. 67.   Section 1024.36(f)(2) provides that if a servicer determines that it is not obligated to acknowledge and respond to an information request from a borrower, it "shall notify the borrower of its determination in writing" within five days "after making such determination."   12 C.F.R. § 1024.36(f)(2).   However, this notification obligation only applies to "written request[s] for information from a borrower" that, among other things, "state[] the information the borrower is requesting with respect to the borrower's mortgage loan."   12 C.F.R. § 1024.36(a).   As explained in the Court's March 15, 2022 Memorandum Opinion, the Court determined that Plaintiff's May 3, 2018 Letter did not adequately identify any particular information sought from VHDA with respect to Plaintiff's mortgage loan.   Mem. Op. at 17, ECF No. 61.   Thus, the notification obligation of 12 C.F.R. § 1024.36(f)(2) does not apply to the case at hand.

of origin following a state court hearing, coupled with a subsequent proposed "change [to] a material term in deed of trust," constituted discrimination under the FHA.  *Id.* at 2–7.

With respect to Plaintiff's Motion for Leave of Court to Withdraw and Replace, Plaintiff argues that the Court "abused [its] discretion" and "erred" when it determined that authorizing the filing of his proposed Third Amended Complaint would be futile and unduly prejudicial to Defendants.  *Id.* at 9–11.

Federal Rule 60(b) authorizes a district court to relieve a party from a final judgment or order for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud . . . , misrepresentation, or misconduct by an opposing party;
(4)   the judgment is void;
(5)   the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6)   any other reason that justifies relief.

Fed. R. Civ. P. 60(b).    As the Fourth Circuit has explained, "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'"   *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citation omitted).    Once this "initial threshold" is crossed, the party "then must satisfy one of the six specific sections of Rule 60(b)" listed above. *Id.*

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefor to the satisfaction of the district court and such grounds must be clearly

substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted) (internal quotation marks omitted).

Upon review, the Court finds that Plaintiff has not adequately established that he is entitled to his requested relief. Specifically, the Court finds that the arguments set forth in Plaintiff's Motion for Reconsideration are factually and legally unsupported and do not cross the "initial threshold" of establishing a meritorious defense, the lack of unfair prejudice to Defendants, or the existence of exceptional circumstances. *See Dowell*, 993 F.2d at 48. The Court further finds that Plaintiff's Motion for Reconsideration fails to adequately establish the applicability of any of the six specific subsections of Federal Rule 60(b) summarized above.[5] *Id.*; *see Tunnell v. Ford Motor Co.*, 245 F. App'x 283, 288 (4th Cir. 2007); *see also* Fed. R. Civ. P. 60(b). Accordingly, Plaintiff's Motion for Reconsideration will be denied.

## V.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration, ECF No. 67, will be DENIED.

An appropriate Order shall issue.

/s/ _____
Roderick C. Young
United States District Judge

Richmond, Virginia
July 19, 2023

---

[5] As noted above, Plaintiff appealed the Court's March 15, 2022 Memorandum Opinion and Order to the Fourth Circuit, and after reviewing the record, the Fourth Circuit found no reversible error and affirmed the Court's decision. *Ononuju v. Va. Hous. Dev. Auth.*, No. 22-1388, 2023 U.S. App. LEXIS 9804, at *1 (4th Cir. Apr. 24, 2023).